**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MAHDI ZENATI,                  )
                                      )
        PLAINTIFF,        )
                                      )     Civil Action No. 18-cv-02943
        v.                  )
                                      )
DIVERSIFIED CONSULTANTS, INC,   )
                                      )
        DEFENDANT.     )     <u>Jury Demanded</u>

## <u>COMPLAINT</u>

Plaintiff, Mahdi Zenati, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA), and alleges:

## <u>JURISDICTION AND VENUE</u>

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2.     Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## <u>STANDING</u>

3.     Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

4.     Specifically, Plaintiff suffered a concrete injury and harm to Plaintiff's reputation as a result of Defendant sharing of false information regarding an alleged debt with a third party. *Sayles v. Advanced Recovery Systems, Inc.*, 2017 U.S. App. LEXIS 12080 *7 (5th Cir. July 6, 2017) ([Defendant's §1692e(8)] violation exposed [plaintiff] to a real risk of financial harm caused by an inaccurate credit rating) (*citing Bowse v. Portfolio Recovery Assocs., LLC*, 218 F.

1

Supp. 3d 745, 749 (N.D. Ill. 2016) ("Unlike an incorrect zip code, the 'bare procedural violation' in Spokeo, an inaccurate credit rating creates a substantial risk of harm.")).

## PARTIES

5.      Plaintiff, Mahdi Zenati ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted AT&T Wireless account. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

6.      Defendant Diversified Consultants, Inc. ("Diversified"), is a Florida corporation that does or transacts business in Illinois. Its registered agent is Incorp Services, Inc. located at 901 South Second Street, Suite 201, Springfield, Illinois 62704. (Exhibit A, Record from Illinois Secretary of State).

7.      Diversified holds a collection agency license from the State of Illinois. (Exhibit B, Record from Illinois Department of Financial & Professional Regulation).

8.      Diversified regularly collects or attempts to collect debts owed to others on their behalf.

9.      Diversified's principal purpose is thus the collection of debts, as it derives all of its revenue from recovering portfolios of defaulted receivables from consumers.

10.      Diversified is a "debt collector" as defined at 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

11.      According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal purposes, originally for an AT&T Wireless account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

12.     Due to financial circumstances, Plaintiff could not pay any debts, and the alleged debt went into default.

13.     The alleged debt was subsequently placed with Diversified for collection.

14.     In response to collection attempts by Defendant, Plaintiff consulted with the attorneys at Community Lawyers Group, Ltd., who, on March 3, 2018, sent a letter to Diversified indicating that Plaintiff disputed the alleged debt. (Exhibit C, Dispute Letter).

15.     Diversified received Plaintiff's dispute on March 3, 2018.

16.     Plaintiff's letter stated, in part, that the amount reported is not accurate.

17.     A statement that "the amount reported is not accurate" evinces the intention to dispute the validity of at least a portion of the purported debt. *Emerson v. Fid. Capital Holdings, Inc.*, No. 15 C 3416, 2015 WL 5086458, at *2 (N.D. Ill. Aug. 14, 2015).

18.     After making the dispute, Plaintiff obtained her Equifax credit report.

19.     In April 2018, Diversified communicated credit information regarding the alleged debt to the Equifax consumer reporting agency, including a balance, an account number and the date reported. (Exhibit D, Redacted Excerpt from Plaintiff's Equifax Report).

20.     Diversified failed to communicate that Plaintiff's alleged debt was disputed when it communicated other information to Equifax regarding the alleged debt.

21.     Diversified had been notified more than three weeks prior of Plaintiff's dispute.

22.     Three weeks is sufficient time for a debt collector to update its records. *See Herbert v. Monterey Financial Services, Inc.*, 863 F. Supp. 76 (D. Conn. 1994) (holding that five days was enough time for a debt collector to update their records with information from a consumer's letter).

23.     15 U.S.C. § 1692e of the FDCPA provides as follows:

3

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

24.     Diversified failed to communicate a dispute to the Equifax credit reporting agency, in violation of 15 U.S.C. § 1692e(8), when it knew or should have known about the dispute and communicated other information regarding the alleged debt to the credit reporting agency.

25.     Credit reporting by a debt collector constitutes an attempt to collect a debt. *E.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

26.     Diversified materially lowered Plaintiff's credit score by failing to note Plaintiff's dispute.

27.     A debt reported with no dispute results in a much lower credit score than a report of both the debt and the dispute. *Saunders v. Branch Banking and Trust Co. of VA*, 526 F. 3d 142, 146-47 (4th Cir. 2008).

28.     Plaintiff experienced negative emotions about Diversified's false communications, including annoyance, aggravation, and other garden variety emotional distress.

29.     Diversified's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See*, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

30.     Plaintiff re-alleges the paragraphs above as if set forth fully in this count.

31.     Diversified failed to communicate a dispute to the Equifax credit reporting agency, in violation of 15 U.S.C. § 1692e(8), when it knew or should have known about the dispute and communicated other information regarding the alleged debt to Equifax.

WHEREFORE, Plaintiff respectfully asks this Court enter judgment in Plaintiff's favor and against Defendant as follows:

A.     Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B.     Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

C.     Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

D.     Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha Chatman
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com